# In the United States Court of Federal Claims

No. 20-137C

(Filed: March 22, 2022)

|  |  |
|---|---|
| ADVANCED POWDER SOLUTIONS, INC., | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) |

*Bryant S. Banes*, Neel, Hooper & Banes P.C., Houston, TX, for Plaintiff. With him on the briefs was *Sarah P. Harris*.

*Eric J. Singley*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. With him on the briefs were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey Jr.*, Acting Director, and *Steven J. Gillingham*, Assistant Director.

**OPINION AND ORDER**

***SOLOMSON*, Judge.**

This case arises under two contracts between Plaintiff, Advanced Powder Solutions, Inc. ("APS"), and Defendant, the United States, acting by and through the Department of Defense ("DOD"), specifically through the Missile Defense Agency ("MDA"). APS challenges a Contracting Officer's ("CO") Final Decision ("COFD"), issued February 11, 2019, that asserts a government claim for $134,069.00 stemming from an alleged overpayment made to APS during the performance of the contracts. APS, in its complaint filed with this Court, ECF No. 1 ("Compl."), challenges the COFD, and seeks declaratory and injunctive relief pursuant to the Contract Disputes Act ("CDA").[1] APS now moves to dismiss the government's claim pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject-

---

[1] Pub. L. No. 95-563, 92 Stat. 2383 (1978) (codified at 41 U.S.C. §§ 7101–7109).

matter jurisdiction.[2] For the reasons explained below, the Court **DENIES** APS's motion to dismiss.

## I. PROCEDURAL AND FACTUAL BACKGROUND[3]

On or about June 9, 2006, and May 1, 2007, the government awarded APS Contract Nos. HQ0006-06-C-7351 ("Contract 7351") and HQ0006-07-C-7601 ("Contract 7601") (collectively, the "MDA Contracts"). Compl. ¶ 4. On February 11, 2019, the cognizant CO issued a COFD asserting that the government overpaid APS for FY 2006-2010 on the MDA Contracts, including $27,612.00 for Contract 7351 and $106,457.00 for Contract 7601. *See* Pl. Mot. at 1.[4]

On February 7, 2020, APS filed a complaint in this Court to challenge the government's claim contained in the COFD. Compl. ¶ 4. APS seeks declaratory and injunctive relief; specifically, APS seeks "a declaration that it did not overcharge the government and that [APS] does not owe the government any monies under the government claims." *Id.* ¶ 9. This case was transferred to the undersigned on November 19, 2021. *See* ECF Nos. 53, 54. At the time of the transfer, multiple motions were fully briefed and ripe for decision. *See* ECF Nos. 23–24, 28–29, 32–33 (cross-motions for summary judgment); Nos. 43, 48, 49 (APS's motion to dismiss); Nos. 50–52 (APS's motion to compel).

---

[2] While APS cites to Rule 12(h)(3) of the Federal Rules of Civil Procedure ("FRCP"), *see, e.g.*, ECF No. 43 ("Pl. Mot.") at 1 n.1, the RCFC applies in this Court. RCFC 12(h)(3) and FRCP 12(h)(3) are identical, however, so APS's mistaken reference does not affect the Court's analysis. The Court expects APS to cite to this Court's Rules in all future filings.

[3] For the purpose of resolving the pending motion to dismiss, the facts alleged in a plaintiff's operative complaint are assumed to be true, and do not constitute factual findings by the Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

[4] In APS's complaint, APS asserts the alleged overpayment for Contract 7601 is $113,110.00. Compl. ¶¶ 4, 6, 8. All of the subsequent filings by both parties, however, describe an alleged overpayment for Contract 7601 in the amount of $106,457.00. Pl. Mot. at 1; ECF No. 23 at 5, 13; ECF No. 24 at 2; ECF No. 48 at 5, 13–14. The confusion may be due to an apparent typographical error in the COFD. *Compare* ECF No. 1-1, Amended Administrative Contracting Officer's Final Decision and Demand for Payment of Debt, at 3 ("I hereby amend my determination to be that APS was overpaid by . . . $113,110 for [Contract 7601]"), *with id.* ("APS was overpaid on [Contract 7601] by the amount of $106,457[.]"). The Court proceeds for the purposes of this Order with the understanding that the alleged overpayment for Contract 7601 is $106,457.

On January 13, 2022, the Court held a telephonic status conference to discuss the parties' views regarding how the case should proceed. ECF No. 55. The parties agreed that the Court should rule first on APS's motion to dismiss.[5]

## II. LEGAL STANDARD & DISCUSSION

CDA claims are subject to a six-year statute of limitations. 41 U.S.C. § 7103(a)(4)(A) ("Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim."). This statute of limitations, however, is not jurisdictional. *See Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1322 (Fed. Cir. 2014) (concluding that "[41 U.S.C.] § 7103 is not jurisdictional and need not be addressed before deciding the merits").[6] This Court, of course, has followed that binding precedent and held that the CDA's six-year statute of limitations is an "affirmative defense." *CB & I AREVA MOX Servs., LLC v. United States*, 138 Fed. Cl. 292, 302 (2018) (citing *Sikorsky*, 773 F.3d at 1320–22). For example, a government timeliness challenge to a contractor's CDA complaint is typically raised via a motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6) or via a motion for summary judgment. *See, e.g.*, *Al-Juthoor Contracting Co. v. United States*, 129 Fed. Cl. 599, 610, 621 (2016) (dismissing untimely CDA claims pursuant to RCFC12(b)(6)); *Kansas City Power & Light Co. v. United States*, 143 Fed. Cl. 134, 137, 143 (2019) (granting government motion for summary judgment because a CDA claim was untimely filed).

APS nevertheless argues that the six-year statute of limitations is jurisdictional. Pl. Mot. at 4-5 ("In this Court, statute of limitations challenges have been raised at the summary judgment stage and dismissed pursuant to Rule 12(h)(3)."). Because APS contends that more than six years elapsed between when the government's claims accrued and when the government issued the COFD, APS argues that the Court lacks subject-matter jurisdiction over the government's claim and should dismiss the case pursuant to RCFC 12(h)(3). *Id.*

---

[5] APS notes that its decision to file a motion to dismiss was based on a Court recommendation during a June 15, 2021, telephonic status conference. Pl. Mot. at 5 n.5; *see also* Pl. Reply at 1 n.1.

[6] *See also Menominee Indian Tribe of Wis. v. United States*, 614 F.3d 519, 526 (D.C. Cir. 2010) (holding that the CDA's six-year filing deadline was not grounds to dismiss a claim for lack of subject-matter jurisdiction); *cf. ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 985 (Fed. Cir. 2014) (explaining that dismissal at the pleading stage on statute-of-limitations grounds ordinarily is improper unless it is "apparent from the face of the complaint that the claim is time-barred" (quoting *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004))).

To the extent that APS seeks a jurisdictional dismissal of the government's claim, the Court denies APS's motion. *See Sikorsky*, 773 F.3d at 1322. Although neither party cites *Sikorsky* in the briefs, that case applies here, and is controlling.

APS misapplies case law to supports its argument. APS cites *Todd v. United States*, 292 F.2d 841, 844 (Ct. Cl. 1961), and *Biloxi Marsh Lands Corp. v. United States*, 152 Fed. Cl. 254, 268 (2021), for the proposition that the statute of limitations is jurisdictional.[7] Pl. Mot. at 4. Both *Todd* and *Biloxi* involved claims subject to the Tucker Act's general statute of limitations, *see* 28 U.S.C. § 2501,[8] and not the CDA's timeliness provision, *see* 41 U.S.C. § 7103. *Todd*, 292 F.2d at 843–44 (applying 28 U.S.C. § 2501 to a takings claim); *Biloxi*, 152 Fed. Cl. at 268 (citing 28 U.S.C. § 2501). In contrast to the CDA's statute of limitations, the six-year statute of limitations that generally applies to Tucker Act claims *is* a strict jurisdictional bar. *See* 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008) ("This Court has long interpreted the court of claims limitations statute as setting forth this second, more absolute, kind of limitations period"); *Jones v. United States*, 7 F.4th 1376, 1379 (Fed. Cir. 2021) ("To fall within the jurisdiction of the Court of Federal Claims, a claim against the United States filed in that court must be 'filed within six years after such claim first accrues.'" (quoting 28 U.S.C. § 2501)).

The statute of limitations in 28 U.S.C. § 2501 does not govern CDA cases. *See, e.g.*, *Pathman Constr., Inc. v. United States*, 817 F.2d 1573, 1580 (Fed. Cir. 1987) (explaining that " [o]nce a contractor elects to proceed under the [Contract] Disputes Act, the six-year statute of limitations in 28 U.S.C. § 2501 is not applicable"); *see also Sikorsky*, 773 F.3d at 1321–22 (contrasting 41 U.S.C. § 7103 with 28 U.S.C. § 2501, where the latter "provid[es] a 6–year statute of limitations for filing claims with the Court of Federal Claims" and is "jurisdictional").

APS filed suit pursuant to the CDA, and, thus, the Court agrees with the government that the timeliness question, at issue here, is more suitable for resolution via a motion for summary judgment pursuant to RCFC 56. ECF No. 48 ("Def. Resp.") at 1. Accordingly, to the extent APS seeks a ruling regarding the timeliness of the COFD's decision, the Court will address that issue in resolving the parties' pending cross-

---

[7] APS also cites to *Lodge Construction, Inc. v. United States*, 153 Fed. Cl. 430, 438 (2021), for the proposition that the CDA's statute of limitations is jurisdictional. Pl. Mot. at 5 (characterizing *Lodge* as "dismissing under 12(h)(3) on CDA statute of limitations issues when raised in a motion for summary judgment")). While APS correctly characterizes *Lodge*, that decision does not address *Sikorsky*, which this Court is bound to follow.

[8] Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

motions for summary judgment.  Moreover, the government correctly notes that APS cannot challenge the COFD through a motion to dismiss.  Def. Resp. at 1.  The CDA entitles a plaintiff to *de novo* review of a COFD; generally, the correct avenue through which to seek such review (*i.e.*, even regarding timeliness) is a complaint and summary judgment (or perhaps a motion for judgment on the pleadings, *see* RCFC 12(c)).  41 U.S.C. §7104(b)(1) (providing for a cause of action seeking *de novo* review of a COFD in the Court of Federal Claims "in lieu of appealing the decision . . . to an agency board"); *see also, e.g.*, *Diversified Maint. Sys., Inc. v. United States*, 110 Fed. Cl. 612, 615 n.2 (2013) (distinguishing between an appeal to a contract appeals board pursuant to 41 U.S.C. § 7105, and a direct action on a claim in the COFC pursuant to 41 U.S.C. § 7104, and citing *Wilner v. United States,* 24 F.3d 1397, 1401–02 (Fed. Cir. 1994)).

Although generally "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading . . .[,] a party may assert" certain "defenses" — including "lack of subject-matter jurisdiction"  —  "by motion."  RCFC 12(b)(1).  The only claim currently pending before the Court belongs to APS so there is nothing for APS to move to dismiss.  In contrast, in *Johnson Lasky Kindelin Architects, Inc. v. United States*, 151 Fed. Cl. 642 (2020), the Court addressed a plaintiff's motion to dismiss a government *counterclaim* for an amount sought in a COFD (*i.e.*, a government claim).  The Court held that the COFD at issue was invalid, dismissing "both the plaintiff's Complaint and the government's Counterclaim . . . pursuant to RCFC 12(h)(3)."  151 Fed. Cl. at 668.  The posture of this case is not comparable to the *Johnson Lasky Kindelin* matter.

### III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** APS's motion to the extent that the motion seeks a jurisdictional dismissal of the government's claim.  To the extent APS seeks a ruling on its statute of limitations argument, the issue will be considered in the course of resolving the parties' cross-motions for summary judgment.

**IT IS SO ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Judge
