# In the United States Court of Federal Claims

No. 20-137C

(Filed: July 13, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| ADVANCED POWDER SOLUTIONS, INC., | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

*Bryant S. Banes*, Neel, Hooper & Banes P.C., Houston, TX, for Plaintiff.  With him on the motion was *Sarah P. Harris*.

*Eric J. Singley*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## ORDER

**SOLOMSON**, **Judge.**

Earlier today, this Court issued an opinion and order, denying both the motion of Plaintiff, Advanced Powder Solutions, Inc. ("APS"), to compel the production of documents from Defendant, the United States, as well as APS's request for sanctions based on the government's alleged spoliation. *Advanced Powder Sols., Inc. v. United States*, -- Fed. Cl. --, 2022 WL 2711445 (2022).[1]  Following the denial of APS's motion to compel, APS filed a motion for reconsideration.  ECF No. 62.  APS moves for reconsideration on the basis that this Court's order, denying the motion to compel, addressed FAR 4.803, whereas, according to APS, it "never relied on that provision for retention, and instead specifically relied on FAR 4.804." *Id.* at 2.

---

[1] The Court rejected APS's sanctions request because, among other reasons, APS included its request only in a reply brief filed in support of APS's motion to compel.  *Advanced Powder Sols.*, 2022 WL 2711445, at *3–7 (discussing ECF No. 52).

APS improperly conflates its motion to compel with its request for spoliation sanctions. In that regard, APS mentioned FAR 4.804 only once — in its motion to compel, ECF No. 50 at 4 — and, even there, only in passing. In particular, APS mentioned FAR 4.804 only in the course of arguing that the government, if it "no longer has the original or interim submissions, such that it cannot identify or produce them, . . . it should have been addressed within their formal response." *Id.* The Court rejected APS's motion to compel, however, because APS conceded that the government possesses no additional responsive documents. *Advanced Powder Sols.*, 2022 WL 2711445, at *3 ("The Court need not explore the outer bounds of its discretion in this case, however, as APS concedes that the government has produced all responsive documents in its possession."); *see also* ECF No. 60 at 5:1–3 ("[APS COUNSEL]: Well, I believe the Government when they say they don't have anything else."); ECF No. 52 at 2–3 (noting that "the Government . . . no longer has the original incurred cost submissions"); *id.* at 7 (acknowledging the government's assertion that "responsive documents have already been produced" and requesting only that the government update its response accordingly); *id.* at 7–8 (noting that the government's response brief "suggests that no responsive documents exist" and that, if that is true, the government should update its responses to reflect as much). Whether the government should have updated its formal responses to a particular interrogatory or request for production of documents is beside the point; the parties agree that there are no additional responsive documents for which to compel production. Thus, even if APS is correct about the meaning of FAR 4.804 — which provision APS did not discuss in any detail — there is nothing more for this Court to do.

In contrast, the Court addressed FAR 4.803 only in relation to APS's request for sanctions, *see Advanced Powder Sols.*, 2022 WL 2711445, at *3, which APS included only its reply brief in support of the motion to compel, *see* ECF No. 52 at 4. APS makes no attempt to salvage its argument based on FAR 4.803; nor, for that matter, does APS attempt to revive its request for sanctions, generally. In any event, FAR 4.804, at best, relates only to the first part of the three-part test for an adverse inference sanction. *See Advanced Powder Sols.*, 2022 WL 2711445, at *4 (noting that "the first requirement in the Federal Circuit's three-part test" is for the movant to establish that "the government was required to keep the[] documents" at issue ). Thus, even if APS had made an argument for sanctions based on FAR 4.804 — something APS did not do — and even if the Court agreed with APS about the meaning of FAR 4.804, the Court's decision rejecting sanctions would be unimpacted. In that regard, APS's motion for reconsideration addresses neither the government's culpability (including the applicable legal standard) nor the specific adverse inference APS seeks. *Cf. Stobil Enter. v. Dep't of Veterans Affs.*, CBCA 5698-R, 20-1 BCA ¶ 37,521 (discussing FAR 4.804-1(c)(1) and "not[ing] that, even if the agency closed the contract file prematurely, appellant has not demonstrated why such action would be material to the Board's decision on appellant's claims").

In sum, even if APS is correct about the meaning and practical import of FAR 4.804, that provision impacts neither the outcome of APS's motion to compel nor APS's

(procedurally improper) request for sanctions.  Again, the regulatory duty to preserve documents — assuming it applies here — does not provide a basis for this Court to order the government to produce documents it does not have and does not, standing alone, provide a predicate for the imposition of sanctions.

Accordingly, the Court **DENIES** APS's motion for reconsideration.

**IT IS SO ORDERED**.

<u>s/Matthew H. Solomson</u>
**Matthew H. Solomson**
**Judge**
